1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11 | WASTE ACTION PROJECT,                          )
    )          No. 2:10-CV-01175-RAJ

12 |          Plaintiff,                )

    v.                                              )          CONSENT DECREE

13 |                                                 )

14 | SUPERVALU HOLDINGS, INC. d/b/a                  )
    SUPERVALU FROZEN FOODS;                          )

15 | SUPERVALU HOLDINGS, INC. d/b/a                  )
    SUPERVALU WEST COAST                             )

16 | GROCERY; SUPERVALU, INC. d/b/a                  )
    SUPERVALU FROZEN FOODS; and                      )

17 | SUPERVALU, INC. d/b/a SUPERVALU                 )

18 | WEST COAST GROCERY,                             )
                                                     )

19 |         Defendants.               )

20 | _____                )

21

22 |     WHEREAS, Plaintiff Waste Action Project filed a Complaint against Defendants

23 | SUPERVALU, Inc. and SUPERVALU Holdings, Inc. on July 20, 2010, alleging violations of

24 | the Clean Water Act, 33 U.S.C. §§ 1251-1387, relating to discharges of stormwater from

25

26 | Defendants' facility located in Auburn, Washington, seeking declaratory and injunctive relief,

27 | civil penalties and attorneys fees and costs; and

28

29 | CONSENT DECREE - 1
    No. 2:10-CV-01175-RAJ

WHEREAS, Defendants deny Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel and representatives for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendants have undertaken, and are implementing, measures to further ensure compliance with the Clean Water Act and to address issues raised in the notice of intent to sue served by Plaintiff, including construction to improve the performance of existing bioswales designed to treat stormwater prior to discharge from Defendants' facility; and

WHEREAS, Plaintiff and Defendants agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendants, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendants of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the parties and the subject matter of this action;

2.      The undersigned representative for each party certifies that he or she is fully

CONSENT DECREE - 2
No. 2:10-CV-01175-RAJ

authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendants' operation and/or oversight of their facility located at or about 701 15th Street SW, Auburn, Washington 98001 (the "facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendants or their successors.

7. In full and complete satisfaction of the claims covered by the Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendants agree to abide by and be subject to the following terms and conditions:

a. Defendants shall comply fully with all conditions of their National Pollutant Discharge Elimination System Permit No. WAR-002001 and any successor, modified, or replacement permit (the "NPDES permit");

CONSENT DECREE - 3
No. 2:10-CV-01175-RAJ

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

b.      Defendants shall, for a period of two (2) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendants and the Washington Department of Ecology ("Ecology") concerning Defendants' compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports ("DMRs"), Annual Reports, adaptive management reports, correspondence, and inspection reports.  All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter;

c.      Defendants shall conduct a "Level Three Corrective Action," as that term is used in the NPDES permit, for stormwater discharges from the facility.  As part of the Level Three Corrective Action, Defendants' licensed professional engineer shall specifically evaluate the feasibility of constructing a retention/infiltration pond to reduce discharges of stormwater from the facility.  As part of the Level Three Corrective Action, Defendants shall retain a licensed professional engineer to revise the stormwater pollution prevention plan ("SWPPP") for the facility to include additional best management practices ("BMPs") and additional stormwater treatment measures with the goal of meeting, in the professional judgment of the licensed professional engineer, the benchmarks established by the NPDES permit in future discharges. These revisions to the SWPPP shall be completed within sixty (60) days of the Court's entry of this Consent Decree and Defendants shall provide Plaintiff a copy of the revised SWPPP at that same time.  The revisions to the SWPPP shall include an implementation schedule that requires the additional BMPs and stormwater treatment measures be fully implemented no later than September 30, 2011.  Defendants shall fully comply with the implementation schedule included

CONSENT DECREE - 4
No. 2:10-CV-01175-RAJ

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

in the revised SWPPP, and Defendants shall provide Plaintiff with written notification of Defendants' complete implementation of the additional BMPs and stormwater treatment measures described in the revised SWPPP.

8.      Within thirty (30) days of entry of this Consent Decree by the Court, Defendants shall make two payments totaling $20,000 (TWENTY THOUSAND DOLLARS) for the Auburn Narrows Habitat Restoration Project that is described in Attachment A and Attachment B to this Consent Decree. The two payments shall be made by check and shall bear the notation "Waste Action Project v. SUPERVALU, Clean Water Act Settlement," with copies provided to Plaintiff at the time of payment. The two payments shall be made as follows:

a.      Payment of $10,000 (TEN THOUSAND DOLLARS) to Middle Green River Coalition. The payment shall be made payable to and mailed to Middle Green River Coalition, P.O. Box 921, Enumclaw, WA 98022;

b.      Payment of $10,000 (TEN THOUSAND DOLLARS) to King County. The payment shall be made payable to King County and mailed to King County, Water and Land Resources Division, Attn: Sarah Ogier, 201 South Jackson Street, Suite 600, Seattle, Washington 98104-3855.

9.      Within thirty (30) days of entry of this Consent Decree by the Court, Defendants shall pay Plaintiff's reasonable attorney fees and costs in the amount of $24,460 (TWENTY-FOUR THOUSAND, FOUR HUNDRED AND SIXTY DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Brian A. Knutsen, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

CONSENT DECREE - 5
No. 2:10-CV-01175-RAJ

10.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11.     The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

12.     This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13.     This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the

CONSENT DECREE - 6
No. 2:10-CV-01175-RAJ

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

sole discretion of either party. The parties agree to continue negotiations in good faith in an

attempt to cure any objection raised by the Court to entry of this Consent Decree.

15.     Notifications or copies required by this Consent Decree to be made to Plaintiff

shall be mailed to Waste Action Project, P.O. Box 4832, Seattle, Washington 98104.

Notifications required by this Consent Decree to be made to Defendants shall be mailed to

SUPERVALU, Inc., Attention: Doug Kasefang, 250 Parkcenter Blvd. Boise, Idaho 83706; with

a copy to SUPERVALU, Inc., Attention: Tom Darling, 11840 Valley View Road, Eden Prairie,

MN  55349.

Dated and entered this 19th day of July, 2011.

_____

The Honorable Richard A. Jones
United States District Judge

WASTE ACTION PROJECT

Signature:      s/ Greg Wingard

Title:      Executive Director

Dated:      June 8, 2011

SUPERVALU, INC. and SUPERVALU HOLDINGS, INC.

Signature:      s/ Todd Sheldon

Title:      Sr. Vice President & General Counsel

Dated:      6/7/11

CONSENT DECREE - 7
No. 2:10-CV-01175-RAJ